**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| **PerkinElmer Health Sciences, Inc.** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **22-11412-NMG** |
| | ) | |
| **LabQ Clinical Diagnostics LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff PerkinElmer Health Sciences, Inc. ("PerkinElmer" or "plaintiff") brings this action against defendant LabQ Clinical Diagnostics, LLC ("LabQ" or "defendant") for allegedly failing to pay $6,293,574.81 owed for products and services relating to the detection of COVID-19.  Plaintiff alleges breach of contract (Count I) and unjust enrichment (Count II).  Pending before the Court is defendant's motion to dismiss Count II of the complaint.  For the following reasons, the motion to dismiss will be denied.

I.   **Background**

PerkinElmer is a Delaware corporation with a principal place of business in Waltham, Massachusetts.  It commenced a business relationship with LabQ, a New York limited liability

- 1 -

company with a principal place of business in New York City, in
August, 2020 when LabQ first ordered a viral DNA/RNA kit from
PerkinElmer.

Since August, 2020, LabQ has purchased reagents,
consumables, instruments, components, accessories and other
products and services related to the detection of COVID-19 from
PerkinElmer.  Each invoice for the products that LabQ ordered
incorporated the applicable PerkinElmer Terms and Conditions.
According to the complaint, PerkinElmer's "General Terms and
Conditions of Sale – Global" govern the sale of hardware and
consumable products and the "Terms & Conditions of Sale – Life
Science Reagents Products Only" apply to any reagents supplied
by PerkinElmer.  The terms and conditions provide that customers
"shall pay all invoiced amounts within thirty (30) days from the
date of PerkinElmer's invoice."

Between January, 2022 and July, 2022, LabQ purchased
several products and services from PerkinElmer.  PerkinElmer
delivered those products in a timely manner but LabQ failed to
pay its invoices.  The final invoice, dated July 12, 2022,
stated LabQ's outstanding aggregate balance was $6,293,574.81.

On September 1, 2022, PerkinElmer filed a two-count
complaint in this Court against LabQ alleging breach of contract
and unjust enrichment.  PerkinElmer sent LabQ a final letter
demanding payment on September 19, 2022 but did not receive a

- 2 -

response and consequently effected service on September 30, 2022. According to plaintiffs' pleadings, LabQ's counsel responded to PerkinElmer that same day and claimed it did not owe PerkinElmer any outstanding amount. LabQ subsequently moved to dismiss the unjust enrichment claim in December, 2022.

## II.   Motion to Dismiss

### A.   Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly,

550 U.S. at 556).   Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.   The assessment is holistic:

> the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

### B.   Application

Under Massachusetts law, a plaintiff may recover for unjust enrichment upon a showing that 1) plaintiff conferred a benefit upon the defendant, 2) the defendant accepted that benefit and 3) the defendant's retention of the benefit would be inequitable without payment for its value. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009).

LabQ moves to dismiss PerkinElmer's unjust enrichment claim, arguing that such a claim is precluded by its breach of contract claim.   Although LabQ is correct that a plaintiff with an adequate remedy at law, such as breach of contract, cannot claim unjust enrichment, see Tomasella v. Nestlé USA, Inc., 962 F.3d 60, 82 (1st Cir. 2020) (quoting Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017)), the First Circuit Court of Appeals has held that

it is accepted practice to pursue both theories at the
pleading stage.

Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012)

(citing Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282,

294-95 (D. Mass. 2009) (stating that Federal Rule of Civil

Procedure 8(d) "permits Plaintiffs to plead alternative and even

inconsistent legal theories, such as breach of contract and

unjust enrichment, even if Plaintiffs only can recover under one

of these theories")).

In support of its motion to dismiss, LabQ relies upon this

Court's decision in Bettencourt v. Jeanne D'Arc Credit Union,

370 F. Supp. 3d 258, 265 (D. Mass. 2019), which dismissed

plaintiff's unjust enrichment claim as precluded because

plaintiff had not one, but two adequate remedies at law

available: breach of contract and violations of the Electronic

Funds Transfer Act, 15 U.S.C. § 1693 et seq.  Significantly, in

that case, the parties agreed that the contracts were

controlling and their dispute was merely as to the

interpretation of those contracts. Id. at 262.  Here, however,

where it is not yet clear that breach of contract is an

available legal remedy for plaintiff, it is permissible for

plaintiff to pursue both theories.  See Tomasella, 962 F.3d at

84 (reinstating an unjust enrichment claim "so that the district

- 5 -

court could determine anew whether the claim should survive once it had the chance to develop the factual record more fully").

Plaintiff will eventually need to choose which theory of recovery to pursue but there is "no need to do so at this early stage in the litigation." Tactician Corp. v. Subway Int'l, Inc., No. CV 21-10973-JGD, 2021 WL 5640695, at *9 (D. Mass. Dec. 1, 2021) (citing Aware, Inc. v. Centillium Commc'ns, Inc., 604 F. Supp. 2d 306, 312 (D. Mass. 2009) (finding "no reason to require plaintiff to choose a theory of recovery" at the pleading stage and noting that "courts have been flexible regarding when they require this choice to be made")).  Thus, at this early juncture, plaintiff may plead both breach of contract and unjust enrichment in the alternative. See Lass, 695 F.3d at 140.

Accordingly, this Court declines to dismiss Count II at this time.

### ORDER

For the foregoing reasons, defendant LabQ's motion to dismiss (Docket No. 9) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  May 18, 2023