**United States District Court for the**
**District of Massachusetts**

| | |
|---|---|
| **PerkinElmer Health Sciences, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LabQ Clinical Diagnostics, LLC,**<br><br>**Defendant.** | **Civil Action No.**<br>**22-11412-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a breach of contract claim by PerkinElmer Health Sciences, Inc., now Revvity Health Sciences, Inc., ("PerkinElmer" or "plaintiff") against LabQ Clinical Diagnostics, LLC ("LabQ" or "defendant"). Following discovery and an attempt at mediation, both parties filed motions for summary judgment. This court allowed Plaintiff's motion, finding in favor of PerkinElmer on all claims and counterclaims and entered monetary judgement in its favor. Defendant appealed that decision to the First Circuit Court of Appeals and now moves to "stay proceedings" pending appeal and to waive any bond requirement. Plaintiff opposes the stay. For the reasons stated below, defendant's motion will be denied.

## I. Background

In September, 2022, PerkinElmer filed a complaint against LabQ alleging breach of contract for failure to pay invoices in the amount of $6.3 million for COVID-19 related testing kits.

At the beginning of the COVID-19 pandemic, the Food and Drug Administration ("FDA") granted Emergency Use Authorizations ("EUAs") for products created to detect the COVID-19 virus. The FDA granted such authorizations for two products created by PerkinElmer: (1) the New Coronavirus Nucleic Acid Detection Kit ("New Covid Kit"), which was authorized for use in conjunction with two other PerkinElmer products; and (2) the PKAMP respiratory SARS-CoV-2 RT-PR panel ("PKAMP Kit"), which could detect multiple viruses, including COVID-19.

Beginning in 2020, LabQ purchased New Covid Kits and other materials from PerkinElmer to sell to consumers. Each order was accompanied by an invoice that stipulated payment was to be made within 30 days of receiving the invoice.

Between January and July, 2022, LabQ purchased and PerkinElmer timely delivered PKAMP kits and additional materials but LabQ failed to pay the invoices. This Court subsequently entered summary judgment against LabQ for breach of contract for failure to pay more than $6 million for the 2022 invoices. In March, 2026, the Court allowed plaintiff's motion to alter judgment and added to the original judgment pre-judgment

interest and attorneys' fees. The above-mentioned appeal followed.

## II. Motion to Stay

### a. Legal Standard

A moving party may obtain a stay pending appeal if it provides a "bond or other security." Fed. R. Civ. P. 62(b). As required by District of Massachusetts Local Rule 62.2, the bond or security must

> be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs, unless the court directs otherwise.

D. Mass Loc. R. 62.2. This Court is authorized to modify or waive a supersedeas bond but the burden to prove that waiver is necessary rests on the judgment debtor. Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002); Real View, LLC v. 20-20 Techs., Inc., No. CIV.A. 07-12157-PBS, 2011 WL 3568022, at *2 (D. Mass. Aug. 12, 2011). Because a supersedeas bond is intended to protect the prevailing party's interest during the pendency of the appeal, the bond requirement should be waived only in the most extraordinary circumstances. Sharp v. Hylas Yachts, Inc., Civ. Action No. 11-11814-JCB, 2016 WL 10650700, at *2 (D. Mass. Nov. 7, 2016).

In this Circuit, bond can be waived when

> (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the

> bond would put the defendant's other creditors in undue jeopardy.

Acevedo-Garcia, 296 F.3d at 17. Courts in this District have also considered a five-factor framework developed by the Second Circuit Court of Appeals when evaluating whether a supersedeas bond should be waived. Those factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain judgment after it is affirmed on appeal; (3) the degree of confidence that the district has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Cosenza v. City of Worcester, No. CV 4:18-10936-TSH, 2023 WL 12004445, at *2 (D. Mass. Feb. 27, 2023) (quoting In re Nassau County Strip Search Cases, 783 F.3d 414, 417-418 (2d Cir. 2015)); Cognitive Edge Pte Ltd. v. Code Genesys, LLC, No. 1:19-CV-12123-IT, 2021 WL 4477434, at *5 (D. Mass. Sept. 30, 2021).

**b. Application**

PerkinElmer asserts that LabQ has failed to provide any evidence to support its contention that the supersedeas bond should be waived. Applying the two-factor First Circuit test, the Court concludes that the bond requirement should not be waived on the ground that "posting of a bond would be a waste of money" because defendant concedes that it cannot post a

supersedeas bond or provide adequate security. Acevedo-Garcia, 296 F.3d at 17.

As to the second factor, LabQ contends that its other putative creditors would be unduly jeopardized if it were required to post bond in this case. LabQ asserts that pending litigation in two federal courts involve creditors, one of which is the federal government, that claim to be owed tens of millions of dollars. When determining priority of judgment creditors and other lien holders, courts generally follow the "first in time is the first in right" principle. U.S. By & Through I.R.S. v. McDermott, 507 U.S. 447, 449 (1993) (quotations omitted). For a judgment or lien to be considered perfected for first in time purposes, "the identity of the lienor, the property subject to the lien, and the amount of the lien" should be established. Id. at 449 (quotations omitted).

Notably, PerkinElmer is the only party that has received an actual judgment against LabQ. The other creditors are purported, not actual, as defendant concedes, so the priority of judgment creditors is a non-issue at this time. The Court agrees with plaintiff that the prospect of additional judgments against LabQ reinforces the need for the supersedeas bond to ensure PerkinElmer can collect its judgment in this case.

LabQ's assertion that it is financially unstable is similarly unpersuasive. Despite its contention, LabQ has failed

to provide an affidavit, declaration, financial statement or any other evidence to demonstrate financial instability or insolvency. It relies solely on the claims against it in the two pending cases in the Second Circuit. This District requires a more comprehensive showing of a company's financial status to justify waiver or modification of the bond requirement, typically in the form of financial affidavits or statements. See Bowers v. Baystate Technologies, Inc., No. CIV. A. 91-40079-NMG, 2001 WL 640876, at *1 (D. Mass. June 5, 2001) (Court reviewed party's financial statements and affidavits when allowing reasonable alternate security).

Furthermore, LabQ has proposed no reasonable alternate security that would warrant modifying the bond requirement. Where a party asserts that it cannot post bond in full, alternative securities can be a substitute for bond at the Court's discretion. See Cipes v. Mikasa, Inc., 404 F.Supp.2d 367, 369 (D. Mass. 2005). LabQ maintains it has no alternative security to offer despite allegations of PerkinElmer to the contrary. The Court concludes that LabQ has not met its burden of proving that waiver of the supersedeas bond or adequate security is appropriate. Defendant's motion will therefore be denied.

LabQ has also failed to respond to PerkinElmer's post judgment discovery requests for which responses were required more than three months ago. It will now be required to do so.

**Order**

Based on the reasons set forth herein, defendant's motion to stay proceedings pending appeal and waive bond requirement [Docket No. 333] is **DENIED**, provided however that a stay of the money judgment will be allowed upon the posting of the bond required by Local Rule 62.2. Defendant is directed to respond to plaintiff's post-judgment discovery requests no later than December 4, 2026.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 20, 2026